UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALDI VICTORIANO PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-06888-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAING ORDER IN PART; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u><br><br>(Doc. Nos. 1, 2, 3) |

On August 28, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1 at 5.) On the same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), and a motion for a temporary restraining order ("TRO"). (Doc. No. 3.) Thereafter, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition based upon the briefing presently before it. (Doc. No. 5.) Respondent thereafter filed a response arguing that 8 U.S.C. § 1226(c) governed petitioner's current detention. (Doc. No. 7 at 1.) Respondent does not object to the court ruling on petitioner's habeas petition based upon the current briefing (*id.* at 2), and the court will do so.

/////

Based on the record provided by the parties, the court finds the facts of this case to be as follows. Petitioner is a citizen of the Dominican Republic and a lawful permanent resident of the United States. (Doc. No. 1 at 2.) He was detained by immigration authorities on or about April 9, 2026, upon his release from state prison in New York after serving his sentence for drug and attempted robbery convictions. (Doc. Nos. 7 at 1, 7-2.) On April 9, 2026, DHS instituted removal proceedings against petitioner and according to the government those removal proceedings remain pending. (Doc. No. 7-1.)

Section 1226(c) governs the detention of certain noncitizens pending the outcome of removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). It mandates detention for a category of noncitizens with certain criminal convictions. Nonetheless, any detainee "who believes that he is not covered by § 1226(c) may . . . ask for what is known as a '*Joseph* hearing' from the immigration court." *See Jennings*, 583 U.S. at 289 n.1 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). At such a hearing, the detainee may avoid mandatory detention by demonstrating that he was not convicted of a qualifying predicate offense or that the government is otherwise substantially unlikely to establish that he is subject to mandatory detention. *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

Here, petitioner requests his immediate release. Based upon the current record, the court cannot conclude that petitioner is entitled to his release. Nonetheless, in light of petitioner's *pro se* status and his request for any relief the court may deem proper, the court will construe petitioner's filing as seeking a *Matter of Joseph* hearing to which he is entitled. The court will therefore order the government to provide petitioner with a *Matter of Joseph* hearing within 14 days of the service of this order, unless petitioner indicates he does not desire to have such a hearing.

For these reasons:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part with the court ordering only that petitioner be provided a *Matter of Joseph* hearing within 14 days of the date of service of this order, unless petitioner indicates he

does not desire such a hearing, so that an Immigration Judge may consider whether petitioner is subject to mandatory detention under § 1226(c) or discretionary detention under § 1226(a) with its accompanying considerations. *See G. P. v. Mullen*, No. 1:26-cv-03196-RLP, 2026 WL 2018619, at *6 (E.D. Cal. July 13, 2026);

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner consistent with the limited relief ordered and to CLOSE this case.[1]

IT IS SO ORDERED.

Dated: **September 16, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] Petitioner may seek to reopen this action if he is not provided a *Matter of Joseph* hearing within 14 days of the date of this order if his request for such a hearing has not been withdrawn.